UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICKEY CASS,

                        Plaintiff,

          v.

C.O. BRIAN HEMBROOK and JOEY CLINTON,
Deputy Supr. of Programs at A.C.F.,

                      Defendants.

_____

<u>ORDER</u> & <u>AMENDED</u>
<u>SCHEDULING ORDER</u>

20-CV-6661FPG

Currently pending before the Court is defendants' motion to compel plaintiff's appearance for deposition. (Docket # 29). Specifically, the defendants seek an order pursuant to F.R.C.P. 37(a)(3)(A) compelling plaintiff to appear for his deposition or be precluded from testifying at the trial of this action and an order extending the time to conduct plaintiff's deposition. (Docket # 29).

Plaintiff was initially served with a Notice to Take Deposition and appeared virtually for deposition from the correctional facility where he was housed on March 28, 2022. (Docket # 28 at ¶¶ 4-5). After being sworn in, plaintiff stated he was unable to proceed with the deposition due to pain brought on by a toothache. (*Id.* at ¶ 6). Plaintiff stated he wanted to reschedule the deposition to a different date, and efforts to do so inadvertently did not materialize. (*Id.* at ¶¶ 7-8). Plaintiff's response to the pending motion to compel was due by September 29, 2022. (Docket # 30). Plaintiff has not responded.

Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection

with the motion.  *See*, *e.g.*, *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same).  In this case, the motion scheduling order afforded the plaintiff sufficient time to respond to the pending motion.  (Docket # 30).  Here, the plaintiff has failed to oppose the motion and has not contacted the Court to request an extension of time to respond to the pending motion.  Accordingly, defendants' motion to compel is granted on the grounds that it is unopposed and for good cause shown, and plaintiff is ordered to appear for deposition.  It is hereby

ORDERED, for the reasons stated herein, that defendants' motion to compel plaintiff's appearance for deposition **(Docket # 29)** is **GRANTED**.  Defendants are directed to arrange a new date for plaintiff's deposition, which must be conducted by no later than **February 13, 2023**.  **Plaintiff is advised that failure to appear for or participate in the scheduled deposition may result in the imposition of sanctions against him, including but limited to dismissal of this action and preclusion from testifying at trial.**  Further, it is hereby

ORDERED, that defendants' request to extend the deadline for taking plaintiff's deposition **(Docket # 29)** is **GRANTED**.  The deadlines contained in this Court's March 29, 2022 Amended Scheduling Order (Docket # 27) shall be amended as follows:

1.     The defendants may depose the plaintiff pursuant to Fed. R. Civ. P. 30(a), in person or by telephone at the correctional facility where plaintiff resides at the time of the deposition.  The plaintiff shall be provided reasonable notice, at least 30 days in advance of the deposition, pursuant to Fed. R. Civ. P. 30(b)(1).  If the plaintiff's deposition is to be taken in person, such security measures shall be taken as are necessary in the opinion of the superintendent of the correctional facility where the deposition is to be taken, including, but not

limited to, the presence of corrections officers in the examining room, but provided that no officer assigned as a member of a security detail is a party to this action.  Such deposition must be completed by **February 13, 2023**.

2.      All discovery in this case shall conclude on **February 13, 2023**.  All motions to compel discovery shall be made returnable on or before **February 27, 2023**.

3.      Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **February 13, 2023**.  Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **March 15, 2023**.  Parties shall complete all discovery relating to experts, including depositions, by **April 17, 2023**.

4.      All dispositive motions shall be filed no later than **June 5, 2023**.  **<u>NOTE</u>: If the dispositive motion is filed against a party who is appearing in this action pro se, the moving party must include the advisement set forth in the notice attached to this Order.**

5.      Responding papers are due by **July 6, 2023**.  Reply papers, if any, shall be filed by **July 20, 2023**.  The motion will be taken under advisement without oral argument.

6.      If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

7.      No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

8.      **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of**

**this action, if appropriate sanctions against that party or that party's attorney, including**

**dismissal of this action, if appropriate.**

IT IS SO ORDERED.

                                                           *s/Marian W. Payson*
                                                          MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated:  Rochester, New York
         December 15, 2022

## *PRO SE* NOTICE

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. **THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.