UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICKEY CASS,

                      Plaintiff,

    v.

C.O. BRIAN HEMBROOK, et al.,

                      Defendants.
_____

REPORT & RECOMMENDATION

20-CV-6661FPG

## PRELIMINARY STATEMENT

Plaintiff Mickey Cass commenced this action *pro se* on August 31, 2020, alleging defendants Brian Hembrook and Joey Clinton violated his civil rights by retaliating against him for filing grievances and complaints while he was incarcerated at Attica Correctional Facility.[1] (Docket ## 1, 9). Currently pending is defendants' motion to dismiss the complaint pursuant to Rules 37 the Federal Rules of Civil Procedure based upon Cass's failure to appear for deposition. (Docket # 32).

On November 2, 2021, this Court held a telephone scheduling conference with the parties. (Docket # 24). Cass appeared for the conference, but refused to participate and disconnected from the conference after objecting to the Court's subject matter jurisdiction. (*Id.*). That same day, the Court issued a scheduling order setting a deadline of March 31, 2022 for completion of Cass's deposition. (Docket # 23). On January 4, 2022, plaintiff sent a letter to

---

[1] The complaint asserted additional claims against other defendants; those claims were either dismissed, or severed and transferred. (Docket ## 1, 9).

United States District Judge Frank P. Geraci, Jr., requesting copies of his original pleadings, which were mailed to Cass by the Clerk's Office.  (Docket # 25).

The deposition of Cass was scheduled for March 28, 2022.  (Docket # 26).  Cass appeared at the deposition, but indicated that he was unable to proceed due to pain from an infected or damaged tooth.  (*Id.*).  As a result, the parties requested an extension of the scheduling order.  (*Id.*).  The Court granted the request, and set a deadline of May 31, 2022, for completion of Cass's deposition.  (Docket # 27).  On June 14, 2022, defendants filed a motion requesting an extension of time to complete Cass's deposition.  (Docket ## 28, 29).  Defendants also requested an order compelling plaintiff to appear for his deposition or be precluded from testifying at trial.  (*Id.*).  The Court issued a scheduling order requiring that any opposition to the motion be filed on or before September 29, 2022.  (Docket # 30).  The deadline passed without any opposition filed by Cass.

On December 15, 2022, the Court granted defendants' motion and directed defendants to arrange a new date for Cass's deposition.  (Docket # 31).  The Order contained the following language: **Plaintiff is advised that failure to appear for or participate in the scheduled deposition may result in the imposition of sanctions against him, including but not limited to dismissal of this action and preclusion from testifying at trial.**  (*Id.*).  Thereafter, on January 5, 2023, defendants served Cass with a Notice of Deposition scheduling his deposition for February 3, 2023.  (Docket # 32-2).  Counsel for defendants arranged with Clinton Correctional Facility to have Cass appear virtually for the deposition.  (Docket # 32-1 at ¶ 6).

According to defendants' counsel, on February 3, 2023, she was prepared to proceed with the deposition when she was informed by staff at the Clinton Correctional Facility

that Cass refused to leave his cell to attend the deposition. (*Id.*). Defendants' counsel was provided a copy of a refusal letter prepared by Corrections Officer C. LaBombard. (Docket # 32-3). In the letter, LaBombard states that on February 3, at approximately 8:20 a.m., he advised Cass that Cass was to be escorted to the parole board room for the video deposition. (*Id.*). According to LaBombard, Cass refused to leave his cell. (*Id.*). When presented with the letter acknowledging his refusal, Cass refused to sign the form. (*Id.*).

Defendants have also submitted the declaration of Louis Plante, a counselor at Clinton Correctional Facility. (Docket # 32-5). Plante represents that he visited Cass in his cell on February 3 at approximately 9:00 a.m. and advised Cass that he needed to appear for a court-ordered conference. (*Id.* at ¶ 3). According to Plante, Cass refused to attend. (*Id.* at ¶ 4). In accordance with the facility's standard practice, Plante asked Cass to sign a "Refusal of Court Call" form. (*Id.* at ¶¶ 5-6). Cass refused to sign the form, and Plante completed the form, indicating Cass's refusal to sign. (Docket ## 32-4; 32-5 at ¶ 6).

On February 14, 2023, defendants filed the pending motion seeking dismissal of Cass's complaint. (Docket # 32). The Court issued a motion scheduling order setting a deadline of March 15, 2023, for Cass to respond to the motion. (Docket # 34). Cass filed no opposition.

## DISCUSSION

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders[,] . . . [including orders] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, a court may dismiss an action in whole or in part where a party fails to appear for his or her deposition. *See* Fed. R. Civ. P. 37(d)(3). That

said, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)); *see S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011) (summary order) ("[w]hile we have expressed a preference that litigation disputes be resolved on the merits, and not by default, . . . we have also consistently recognized that Rule 37 sanctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault") (internal citations and quotations omitted).

In evaluating the appropriateness of sanctions, including dismissal, a court should consider several factors including:

1. the willfulness of the non-compliant party or the reason for noncompliance;

2. the efficacy of lesser sanctions;

3. the duration of the period of noncompliance[;] and

4. whether the non-compliant party had been warned of the consequences of … noncompliance.

*See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302-303 (quoting *Nieves v. City of N.Y.*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); *Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, 514 F. App'x 33, 35 (2d Cir.) (summary order), *cert. denied*, 571 U.S. 1098 (2013).

Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault, by the noncompliant party." *Peña v. Chocolate*, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted). Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may

4

be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal is warranted under Rule 41(b) where the record demonstrates that the plaintiff has not been diligent in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *McAuley v. City of N.Y.*, 2022 WL 524135, *2 (S.D.N.Y. 2022) ("[a] plaintiff's lack of diligence alone is enough for dismissal") (quoting *West v. City of N.Y.*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990)); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)).

A district court considering dismissal pursuant to Rule 41(b) should evaluate the following factors:

1. the duration of the plaintiff's failure to comply with the court order;

2. whether plaintiff was on notice that failure to comply would result in dismissal;

    3.      whether the defendants are likely to be prejudiced by further delay in the proceedings;

    4.      a balancing of the court's interests in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and

    5.      whether the judge has adequately considered a sanction less drastic than dismissal.

*Chen v. Hunan Manor Enter., Inc.*, 2020 WL 3527920, *5 (S.D.N.Y.) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)), *report and recommendation adopted by*, 2020 WL 4932777 (S.D.N.Y. 2020). Although dismissal is considered "a harsh remedy to be utilized only in extreme situations," *see Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotations omitted), courts nonetheless have found dismissal of a complaint justified where a plaintiff has failed to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. at 525-26 (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing, *inter alia*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980)).

        In the case at bar, the criteria for dismissal have been met. Cass last contacted the Court more than fifteen months ago and failed to oppose the last two motions made by defendants, despite the issuance of scheduling orders setting deadlines for responses. Indeed, Cass does not appear to have taken any action to prosecute his claims since March 28, 2022,

when he appeared for but terminated his original deposition. (Docket # 26). This case, which arises out of events that occurred approximately five years ago, has been pending for more than two years with limited progress towards completing discovery.

Moreover, Cass willfully refused to appear for his deposition despite being ordered by the Court to do so and expressly warned of the consequences of failing to appear. Although he was provided an opportunity to explain his refusal to attend the rescheduled deposition, Cass has not done so, nor has he opposed defendants' motion seeking dismissal of his case. Cass's unexplained and willful violation of this Court's order that he attend his deposition leads the Court to conclude that less drastic sanctions would be unsuccessful in securing Cass's compliance with his litigation obligations. Having considered the relevant factors, I conclude that dismissal is warranted. *See Barclay v. Doe*, 207 F. App'x 102, 104-105 (2d Cir. 2006) (summary order) (affirming dismissal of complaint after plaintiff refused to leave cell to attend court-ordered deposition; "the severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal[;] . . . [s]uch a warning having been given in this case, we cannot conclude that the district court committed clear error in finding that [plaintiff] deliberately flouted the court's order or that it abused its discretion in ordering his case dismissed") (quotation omitted), *cert. denied*, 552 U.S. 852 (2007); *Deliser v. Miller*, 2015 WL 7575068, *5 (N.D.N.Y.) (dismissing complaint after plaintiff refused to leave cell to attend deposition; "[b]ased upon plaintiff's failure to comply with the court's order and defendant's notice that he appear for his deposition in the face of explicit warnings that his failure to cooperate could result in dismissal of the complaint, as well as his failure to respond to defendant's motion to dismiss, I conclude that plaintiff's complaint should be dismissed"), *report*

*and recommendation adopted by*, 2015 WL 7573224 (N.D.N.Y. 2015); *Phillips v. Artus*, 2013 WL 6384597, *3-4 (N.D.N.Y. 2013) (dismissing action pursuant to Rules 37 and 41(b) after plaintiff refused to leave cell to attend deposition and failed to respond to court order).

## CONCLUSION

For the foregoing reasons, I recommend that defendants' motion to dismiss Cass's complaint **(Docket # 32) be GRANTED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 7, 2023

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

*s/Marian W. Payson*  
MARIAN W. PAYSON  
United States Magistrate Judge

Dated: Rochester, New York  
       April 7, 2023